UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CROWN CASTLE FIBER LLC,

                      Plaintiff,

vs.

CITY OF ROCHESTER, NEW YORK; LOVELY A. WARREN, as the MAYOR of the CITY OF ROCHESTER (in her official capacity); NORMAN JONES, as the COMMISSIONER, CITY OF ROCHESTER DEPARTMENT OF ENVIRONMENTAL SERVICES (in his official capacity); and the ROCHESTER CITY COUNCIL,

                      Defendants.

SUPPLEMENTAL MEMORANDUM OF LAW CONCERNING PLAINTIFF'S CLAIMS BROUGHT PURSUANT TO CPLR ARTICLE 78

Case 6:20-cv-6866

## PRELIMINARY STATEMENT

In accordance with the Court's Decision and Order dated August 22, 2022, the defendants submit this memorandum of law to address to the issue of the Court's exercise of supplemental jurisdiction over plaintiff's New York Civil Practice Law and Rules (CPLR) Article 78 claims.

## ARGUMENT

### I. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Article 78 Claims

Plaintiff's third and fourth claims for relief are brought pursuant to CPLR § 7803. In order to bring these special State law claims, plaintiff invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367 ("§ 1367"). Whether the Court exercises supplemental jurisdiction over a State law claim is discretionary, and § 1367 expressly provides that a district court may decline such jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court

1

has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Because of the unique nature of CPLR Article 78 proceedings, this Court should decline to exercise supplemental jurisdiction over these claims.

"The overwhelming majority of district courts confronted with the question of whether to exercise supplemental jurisdiction over Article 78 claims have found that they are without power to do so or have declined to do so." *Coastal Communs. Serv. v. City of N.Y.*, 658 F. Supp. 2d 425, 459 (E.D.N.Y. 2009). "[N]either federal nor New York state law empower the federal courts to consider such [Article 78] claims, and, under New York law, authority to grant relief pursuant to an Article 78 proceeding is exclusively vested in New York Supreme Court. *Beckwith v. Erie Cty. Water Auth.*, 413 F. Supp. 2d 214, 226-27 (W.D.N.Y. 2005), *R&R adopted, Beckwith v. Erie Cty. Water Auth.*, 413 F. Supp. 2d 214 (W.D.N.Y. 2006)(Arcara, D.J.)(citing Blatch ex rel. Clay v. Hernandez, 360 F.Supp.2d 595, 637 (S.D.N.Y. 2005); *Cartagena v. City of New York*, 257 F.Supp.2d 708, 710 (S.D.N.Y. 2003)). "An Article 78 proceeding is a novel and special creation of state law . . . designed for the state courts, and [] best suited to adjudication there." *Lucchese v. Carboni*, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998). "Because exercising supplemental jurisdiction over such claims requires a federal court to usurp the statutory authority bestowed upon the New York state courts, federal courts are loath to exercise jurisdiction over Article 78 claims." *Coastal Communs. Serv.*, 658 F. Supp. 2d 425, 460 (E.D.N.Y. 2009)(internal citations omitted). Declination to exercise supplemental jurisdiction over Article 78 claims is appropriate even where there are other live federal claims over which the Court has asserted original jurisdiction. *Bens Bbq v. Cty. of Suffolk*, No. 19-CV-3584 (SJF)(ARL), 2020 U.S. Dist. LEXIS 119878, at *7 (E.D.N.Y. July 7, 2020)("Despite the

fact that Plaintiff has a federal cause of action remaining in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's fourth cause of action [arising under CPLR Article 78].")(citing *Verbeek v. Teller*, 114 F. Supp. 2d 139, 143 (E.D.N.Y. 2000)).

In *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013), the Second Circuit found it was an abuse of discretion for the district court to exercise supplemental jurisdiction over an Article 78 cause of action that raised an "unresolved question of state law" reasoning, in part:

> Article 78 reflects a state preference for a state mode of procedure that "is designed to facilitate a summary disposition of the issues presented . . . and has been described as a fast and cheap way to implement a right that is as plenary as an action, culminating in a judgment, but is brought on with the ease, speed and inexpensiveness of a mere motion." *Davidson v. Capuano*, 792 F.2d 275, 280 (2d Cir. 1986) (internal quotation marks and citations omitted). Whether or not Article 78 can itself deprive the district court of jurisdiction over claims brought under its provisions, the state preference to try Article 78 claims in state court bears on our assessment of whether the district court abused its discretion in deciding nonetheless to exercise pendent jurisdiction here, where other factors, too, strongly support declining that jurisdiction.

*Id.*

Of the very few cases where a district court has exercised supplemental jurisdiction over an Article 78 claim, there has been a compelling reasons to do so that is absent here. As summarized by the Eastern District of New York:

> [T]he Court has reviewed the cases cited by Plaintiffs in support of their request that the Court exercise supplemental jurisdiction and finds those actions inapposite to the present circumstances. In *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855 (2d Cir. 1988), the Second Circuit affirmed the district's court's decision authorizing removal of an Article 78 proceeding under the All Writs Act, 28 U.S.C. § 1651. The trial court ordered the state court case to be removed because the issues raised by the Article 78 proceeding went to the "very essence" of a consent decree that had

3

> been entered by the district court. *Id*. at 864-65. The Second Circuit held that "[g]iven the exceptional circumstances presented," the district court could exercise its "residual jurisdictional authority" under the All Writs Act to protect the integrity of the consent decree and prevent the "risk of inconsistent decrees from the two courts." *Id*. at 865 ("The implementation of that decree takes precedence over petitioners' desire to have the [case] . . . litigated in state court."). "The *Yonkers* holding has been cited as the exception not the rule." *N.Y. State Corr. Officers & Police*, 911 F. Supp. 2d at 132 (citing *Coastal Commc'ns*, 658 F. Supp. 2d at 459; *Kelly v. City of Mount Vernon*, 344 F. Supp. 2d 395, 407 (S.D.N.Y. 2004)).
>
> Similarly, in *Westchester Day Sch. v. Village of Mamaroneck*, 417 F. Supp. 2d 477, 559-60 (S.D.N.Y. 2006), *aff'd*, 504 F.3d 338 (2007), the court exercised jurisdiction over plaintiff's Article 78 claim under the All Writs Act and the court's supplemental jurisdiction. Plaintiff's Article 78 claim challenged the zoning board's denial of plaintiff's application for a special use permit to construct a classroom building on its campus. 417 F. Supp. 2d at 483. A prior order of the district court required the zoning board to continue plaintiff's application to the special permit hearing stage and afford plaintiff a fair hearing, which was not done. *Id*. at 559. Acknowledging that "the federal courts should not become zoning boards of appeal," the court nonetheless found that it was "incumbent upon the Court to address the legality of the [zoning board's] denial of the Application in order to protect the integrity of the [court's prior order] and to achieve the ends of justice entrusted to it." *Id*. at 559-60 (citations and internal quotation marks omitted). In addition, the court found that it had "become intimately familiar with the merits of this case during the last four years" noting that "[a] full record ha[d] been developed after significant discovery that addresse[d] all the circumstances surrounding the denial of the special permit modification." *Id*. at 561.
>
> None of the considerations present in *Yonkers Racing* or *Westchester Day* is present here.

*E. End Eruv Ass'n v. Town of Southampton*, No. CV 13-4810 (AKT), 2014 U.S. Dist. LEXIS 134746, at *52-54 (E.D.N.Y. Sep. 24, 2014). Those considerations of *Yonkers Racing* and *Westchester Day* are not present here, either.

In line with the great weight of authority in this Circuit, this Court should decline to exercise supplemental jurisdiction over plaintiff's Article 78 claims.

## CONCLUSION

For the foregoing reasons, the City of Rochester respectfully requests that the Court decline to assert supplemental jurisdiction over, and therefore dismiss, plaintiff's Article 78 claims.

DATED: September 16, 2022

                              /S/Patrick Beath
BY:   PATRICK BEATH
       City of Rochester Deputy Corporation Counsel
       *Attorney for Defendant*
       30 Church Street, Rm. 400A
       Rochester, New York 14614
       (585) 428-6812

TO:   SNYDER & SNYDER, LLP (By ECF)
       Robert D. Gaudioso, Esq.
       Carlotta Cassidy, Esq.

       WILEY REIN LLP (By ECF)
       Joshua S. Turner, Esq.
       Sara M. Baxenberg, Esq.