**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Patrick Beath**
Corporation Counsel

July 2, 2024

<u>BY ECF</u>
Hon. Elizabeth A. Wolford
United States District Judge
100 State Street
Rochester, NY 14614

    Re:   *Cellco Partnership d/b/a Verizon Wireless v. City of Rochester*,
           19-cv-6583 (EAW)(MWP)
        *Crown Castle Fiber LLC v. City of Rochester, et al.*,
           20-cv-6866 (EAW)(MWP)
        *Extenet Systems LLC v. City of Rochester,*
           20-cv-7129 (EAW)(MWP)

Your Honor:

    I represent the defendant City in the three above-referenced matters that arise from disputes concerning the City's Telecommunications Code. I submit this letter jointly with Plaintiffs as a further status report to the Court, and to request to have until July 19, 2024 to provide a substantive status update to the Court concerning the issues set forth below.

    **The City's Position**: On Friday, the Supreme Court issued a decision in the matter of *Loper Bright Enterprises, et al. v. Raimondo, Secretary of Commerce*, 603 U.S. ___ (2024). The *Loper Bright* decision overruled the holding of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837. My office is presently reviewing the *Loper Bright* decision to determine its implications for the instant matters, particularly as to this Court's summary judgment analysis.

    As noted below, plaintiffs believe that *Loper Bright* has no impact here. I need additional time to make that assessment and confer with my client. As to plaintiffs' position that the parties have already reached a settlement, any such settlement was premised upon the state of the law at the time of those negotiations; the state of law has now fundamentally changed. Should the City decide to pursue additional litigation in light of the *Loper Bright* decision, I understand that plaintiffs may move to enforce the settlement terms provisionally agreed to prior to the issuance of the *Loper Bright* decision, and the City will be prepared to oppose any such motion.

    **Plaintiffs' Position**: The Supreme Court's decision in *Loper Bright* has no impact on these cases. The City already agreed to settle them. Last week, the parties jointly informed the Court that a settlement was reached:

> [T]he parties have reached an agreement that would resolve all remaining issues in the above-referenced matters. The Parties are in the process of finalizing the draft settlement agreement and proposed final judgment. The Parties anticipate that the agreement will be executed, and the proposed judgment filed with this Court, sometime [last] week.

See 19-cv-6583, Dkt. 119. Moreover, even without a settlement, *Loper Bright* does not change the result in this case. In the event the City is now contemplating a different course, Plaintiffs reserve the right to seek to enforce the settlement, to oppose any efforts by the City to revisit this Court's past decisions on summary judgment or otherwise, and to brief any remaining issues that are before this Court.

    Respectfully submitted,

    /s/

    Patrick Beath
    Corporation Counsel

CC:  Plaintiffs' Counsel (By ECF)